U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 2 3 2015

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| INDUSTRIAL MODELS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-689-A |
| | § | |
| SNF, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants, SNF,
Inc. ("SNF"), BrandFX Holdings, LLC, and BrandFX, LLC d/b/a
BrandFX, to dismiss for failure to state a claim upon which
relief can be granted. The court, having considered the motion,
the response of plaintiff, Industrial Models, Inc., the reply,
the record, and applicable authorities, finds that the motion
should be granted in part.

I.

## Background

On July 8, 2015, plaintiff filed its original complaint in
this action in the Dallas Division of the court. By order signed
September 14, 2015, the case was transferred to the Fort Worth
Division. The judge to whom the action was assigned, having taken
senior status, requested that the case be reassigned, and it was
assigned to the docket of the undersigned.

At the time of the transfer, the motion to dismiss had been pending for some time and was ripe for ruling.

II.

### Plaintiff's Complaint

Plaintiff's complaint is a rambling thirty page document that basically asserts that defendants-described as the "FXBrand Entities"-have threatened plaintiff that its use of certain molds for fiberglass utility bodies for trucks would infringe rights of defendants. In March 2013, SNF filed a lawsuit against plaintiff for trade dress infringement and obtained a default judgment and permanent injunction against plaintiff. The default was set aside on appeal for failure to prove proper service of process. And, ultimately, SNF filed a notice of nonsuit. Consequently, plaintiff has refrained from using the molds and has been unable to compete with defendants.

Plaintiff asserts claims against defendants for violation of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §2, Section 4 of the Clayton Act, 15 U.S.C. § 15, the Lanham Act, 15 U.S.C. §§ 1051-1141n, the Patent Act, 35 U.S.C. §§ 1-376, and the Copyright Act, 17 U.S.C. §§ 101-1332. Plaintiff also seeks declaratory relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and asserts a claim for tortious interference with prospective economic advantage.

III.

## Grounds of the Motion

Defendants assert that plaintiff has failed to state a claim upon which relief can be granted. They say that:

(1) defendants' actions are protected under the Noerr-Pennington doctrine;

(2) defendants are legally incapable of engaging in concerted action under antitrust laws based on the Copperweld doctrine;

(3) plaintiff's allegations affirmatively negate the existence of any agreement to restrain trade, a necessary element of a claim under § 1 of the Sherman Act;

(4) plaintiff has failed to plead facts to show concerted action as necessary to support its claims for Sherman Act violations based on concerted action; and

(5) plaintiff has failed to plead facts to show that it is entitled to declaratory relief.

IV.

## Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

3

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is

4

entitled to relief. <u>Id.</u> at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id.</u>

In considering a motion under Rule 12(b)(6), the court may refer to matters of public record. <u>Davis v. Bayless</u>, 70 F.3d 367, 372 n.3 (5th Cir. 1995); <u>Cinel v. Connick</u>, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. <u>Patterson v. Mobil Oil Corp.</u>, 335 F.3d 476, 481 n.1 (5th Cir. 2003).

V.

Analysis

A.   <u>Noerr-Pennington</u> Doctrine

A court may dismiss an action if a successful affirmative defense appears on the face of the pleadings. <u>Love Terminal Partners, L.P. v. City of Dallas</u>, 527 F. Supp. 2d 538, 549 (N.D. Tex. 2007). One such defense is <u>Noerr-Pennington</u> immunity. <u>Id.</u> at 549-50. Defendants allege that they are entitled to this immunity as to the claims asserted in Counts I-III and VII of plaintiff's complaint.

The <u>Noerr-Pennington</u> doctrine allows individuals or businesses to petition the government, free of the threat of antitrust liability, for action that may have anti-competitive

5

consequences, even if motivated by anti-competitive intent.
Greenwood Utils. Comm'n v. Miss. Power Co., 751 F.2d 1484, 1497
(5th Cir. 1985). The doctrine is named for the first two cases in
which the Supreme Court ruled that no liability could attach
under the Sherman Act for conspiring to lobby for allegedly anti-
competitive legislation. Eastern R.R. Presidents Conf. v. Noerr
Motor Freight, Inc., 365 U.S. 127, 134-35 (1961); United Mine
Workers of Am. v. Pennington, 381 U.S. 657, 669-72 (1965). The
right to access the courts is one aspect of the right to
petition. California Motor Transp. Co. v. Trucking Unlimited, 404
U.S.508, 510 (1972). The right to petition includes those acts
reasonably and normally attendant thereto, such as sending demand
or cease-and-desist letters. Coastal States Mktg., Inc. V. Hunt,
694 F.2d 1358, 1367 (5th Cir. 1983).

An exception to the Noerr-Pennington doctrine exists where
it can be shown that the underlying litigation and related
activities were a sham. City of Columbia v. Omni Outdoor Advert.,
Inc., 499 U.S. 365, 379-82 (1991). To establish the sham
exception, plaintiff must first show that the underlying
litigation was objectively baseless in the sense that no
reasonable litigant could conclude that the suit was reasonably
calculated to elicit a favorable outcome and then show that
defendants subjectively intended the prosecution of their claims

to interfere directly with plaintiff's business through the pursuit of the litigation (as opposed to its outcome). Professional Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49, 60-61 (1993); Omni Outdoor, 499 U.S. at 379-82. "[A]n objectively reasonable effort to litigate cannot be a sham regardless of subjective intent." Prof'l Real Estate Inv'rs, 508 U.S. at 57.

In this case, despite plaintiff's conclusory allegations about the "bad-faith Texas lawsuit," the only conclusion to be drawn is that the lawsuit was not objectively baseless. Even though the judgment obtained was eventually set aside, it was for want of proof of service of process. More importantly, plaintiff's own actions–in refraining from using the molds despite its contention that they are non-infringing– show that plaintiff apparently believed the letters and lawsuit to have a legitimate basis.

Plaintiff now urges that the underlying lawsuit only addressed trade dress and not patent or copyright; therefore, not all of its antitrust-related claims are barred. However, the only facts alleged to support the antitrust-related claims are the

7

sending of the demand/cease and desist letters and the filing of the lawsuit.[1] Therefore, the claims will be dismissed.

B.   Copperweld Doctrine and Concerted Action

As alternate grounds for dismissal of plaintiff's concerted action claims (Count I and part of Count III), defendants urge that plaintiff has not pleaded sufficient facts to show concerted action and, in any event, has not shown that defendants are separate actors. Under Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752, 777 (1984), and its progeny, parties that have a unity of interests and common control cannot engage in concerted action within the meaning of the Sherman Act. Plaintiff has alleged that defendants are engaged in a common enterprise. More importantly, it has not alleged any independent action by BrandFX Holdings, LLC, or BrandFX, LLC. Rather, it has pleaded that SNF acted on behalf of all defendants.[2] As the Supreme Court has noted, the key to concerted action is "separate economic actors pursuing separate economic interests" such that the agreement "deprives the marketplace of independent centers of decisionmaking." American Needle, Inc. v. Nat'l Football League,

---

[1]The remainder of the allegations in this regard are conclusory and would not support antitrust claims. Moreover,the alleged communication to Badger Truck appears to be of a type that would fall under Noerr-Pennington. The "monopoly via acquisition" argument plaintiff makes is not supported by its pleadings.

[2]For the same reasons, plaintiff has failed to plead sufficient facts to show that defendants entered into an agreement to restrain trade in violation of §1 of the Sherman Act.

560 U.S. 183, 195 (2010)(citation omitted). Plaintiff's complaint makes clear that defendants do not compete with each other and, thus, do not engage in concerted action. See Abraham & Veneklasen Joint Venture v. Am Quarter Horse Ass'n, 776 F.3d 321, 327-28 (5th Cir. 2015).

C.   Declaratory Judgment

Finally, defendants urge that plaintiff's claims for declaratory judgment must be dismissed because plaintiff has failed to show that there is a substantial, immediate, and present justiciable controversy between the parties. Orix Credit Alliance, Inc. v. Wolfe, 212 F.3d 891, 895 (5th Cir. 2000). That is, plaintiff has not pleaded that there is a substantial likelihood that it will suffer injury in the future unless relief is granted. Bauer v. Texas, 341 F.3d 352, 358 (5th Cir. 2003).

Giving plaintiff the benefit of the doubt, as the court must, plaintiff has identified a justiciable controversy between it and defendants. As stated, supra, plaintiff apparently believed or believes defendants' claim to possess certain rights that might be infringed by plaintiff's use of the molds at issue. Plaintiff has sought clarification from defendants regarding the particular rights they are claiming, but they have refused to identify such rights. Given the previous lawsuit, plaintiff has a legitimate reason to believe that it will be sued if it goes

forward with production of fiberglass truck bodies using the molds at issue. Therefore, the court is denying the motion as to the requests for declaratory judgment.

V.

Order

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted in part, and plaintiff's claims asserted under Counts I-III and VII be, and are hereby, dismissed. The court further ORDERS that the motion to dismiss be, and is hereby, otherwise denied.

SIGNED September 23, 2015.

_____
JOHN McBRYDE
United States District Judge

10